IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LARRY NUEL MACK | § | |
| v. | § | CIVIL ACTION NO. 6:04cv518 |
| SHERIFF, ANDERSON COUNTY | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Petitioner Larry Mack, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Mack was convicted of cruelty to animals on December 14, 2001, receiving a sentence of one year in jail and a $4,000.00 fine. He filed an appeal of this conviction on January 31, 2002, and his conviction was affirmed on December 23, 2003. On January 22, 2004, Mack filed a *pro se* motion for rehearing, which was returned to him, and then refiled it on February 2, 2004. This motion was denied on August 3, 2004. Mack then filed a petition for discretionary review on September 15, 2004, which was denied on October 20, 2004. He sought rehearing of the denial of discretionary review, which was denied on November 22, 2004. Mack then filed this federal petition on November 29, 2004.

The Magistrate Judge ordered the Respondent to answer, and the Respondent filed a motion to dismiss the petition for failure to exhaust state remedies. Mack filed a response to this answer.

1

The Magistrate Judge carefully reviewed Mack's state court filings as well as his federal petition. On March 17, 2005, the Magistrate Judge issued a Report recommending that the motion to dismiss be granted and that the petition be dismissed without prejudice for failure to exhaust state remedies. The Magistrate Judge observed that Mack raised new and different grounds in federal court than he had raised in the state courts and that the majority of Mack's claims may not have been presented to the Texas Court of Criminal Appeals in a procedurally proper manner. The Magistrate Judge cited existing Supreme Court and Fifth Circuit authority as holding that a petition for the writ of habeas corpus must be dismissed if any issue has not been exhausted in the state courts. Thomas v. Collins, 919 F.2d 333 (5th Cir. 1990); Rose v. Lundy, 455 U.S. 509 (1982). For this reason, the Magistrate Judge recommended that Mack's petition be dismissed without prejudice.

Mack filed objections to the Magistrate Judge's Report on March 30, 2005. In his objections, Mack says that because he was acting *pro se*, he may have introduced new and different grounds in his federal petition. However, he asks that the Court disregard all such grounds. Mack also acknowledges that he may have relied on different legal theories in the state courts than he does in federal court, but says that he is "attempting to remove" these other issues. Mack nowhere specifically sets out the issues upon which he wishes to proceed, but asks that the Court "dismiss without prejudice any other grounds which may be construed as being new issues not presented in a procedurally proper manner."

The Court has no obligation to sift through Mack's pleadings and separate those claims which have been exhausted from those claims which have not. The Fifth Circuit has held that

> ...[W]e perceive no obligation on the part of the busy trial judge to pick through such a mass of ambiguous matter, sorting out one type of claim from the other, and in effect acting as counsel for the pro se litigant in tailoring his claims, some for disposition, some for abeyance or dismissal.

Hernandez v. Spencer, 780 F.2d 504, 506 (5th Cir. 1986); *accord*, Cain v. Cockrell, slip op. no. 04-40848 (5th Cir., Feb. 23, 2005) (unpublished) (magistrate judge not required to act as plaintiff's advocate).

Because the Magistrate Judge recommended that Mack's petition be dismissed without prejudice, he is free to refile if he wishes to do so, raising only those grounds for relief which he wants to raise. In the event that Mack chooses to refile, his grounds for relief should be specified and set out in his petition, complete with a statement of the facts supporting each of the grounds so specified. *See* Rule 2(c) of the *Rules Governing Section 2254 Proceedings in the United States District Courts*. The Magistrate Judge's Report was correct and Mack's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the answer filed by the Respondent, the Petitioner's response to the answer, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED without prejudice. It is further

ORDERED that all motions which may be pending in this action, including Mack's motion for continuance and for leave to file, dated March 30, 2005, are hereby DENIED.

**SIGNED this 19th day of April, 2005.**

_William M. Steger_
WILLIAM M. STEGER
UNITED STATES DISTRICT JUDGE